## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JAMES MARTIN ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | CIVIL ACTION NO._____ |
| ) | |
| PROSPECT AIRPORT SERVICES, ) | |
| INC. ) | |
| AND UNITED AIRLINES, INC. ) | |
| ) | |
|    *Defendants*. ) | |

## NOTICE OF REMOVAL

TO:   THE HONORABLE COURT
       CLERK OF COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, *et seq.*, Prospect Airport Services, Inc. ("Prospect") and United Airlines, Inc ("United") (together, "Defendants"), by and through their counsel, file this notice of the removal of this action from the Superior Court of Clayton County, State of Georgia, to the United States District Court for the Northern District of Georgia, and state as follows:

**I.    INTRODUCTION**

1.    Plaintiff commenced this action on December 31, 2020 with the filing of a Complaint for negligence, negligent hiring, training and retention and breach of

contract in the Superior Court of Clayton County, State of Georgia, Civil Action Number: 2021-CV-00002-11.  A copy of the Complaint is attached as Exhibit A.

2. This case involves allegations that an employee of Prospect failed to properly secure Plaintiff into a wheelchair during the deplaning process of United Airlines Flight 3489 from Newark, NJ to Atlanta, GA, subsequently causing injury. Additionally, Plaintiff brings allegations against United for the negligent hiring, training, and retention of Prospect as well as breach of contract.

3. In Count I of the Complaint, Plaintiff asserts a negligence cause of action alleging both Defendants failed to exercise reasonable care in assisting the Plaintiff during the deplaning process.

4. In Count II of the Complaint, Plaintiff asserts a negligent hiring, training, and retention cause of action alleging that United had actual and constructive knowledge that Prospect was incompetent to provide wheelchair services but hired Prospect to provide wheelchair transportation services.

5. In Count III of the Complaint, Plaintiff asserts a breach of contract cause of action alleging that both Defendants breached a duty to the Plaintiff by failing to provide the services as required by their contract (ticket) and by failing to provide professional services in compliance with the applicable standards.

6. In Count IV of the Complaint, Plaintiff asserts a claim for punitive damages under O.C.G.A. § 51-12-5.1(b), as well as a claim for attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.

## II. JURISDICTIONAL BASIS FOR REMOVAL

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There is Complete Diversity Between Plaintiff and Defendants

8. United is, and was at the time the Complaint was filed and the case removed to this Court, a corporation organized and existing under the laws of Delaware and maintains its principal place of business in Illinois. *See* Exhibit B Declaration of Elliot Strader ("Strader Declaration") ¶ 4. Accordingly, United is a citizen of the State of Illinois for the purposes of determining this Court's subject matter jurisdiction. *See id.*; 28 U.S.C. § 1332(c).

9. Prospect is, and was at the time the Complaint was filed and the case removed to this Court, a corporation organized and existing under the laws of Illinois and maintains its principal place of business in Illinois. *See* Strader Declaration ¶ 5. Accordingly, Prospect is a citizen of the State of Illinois for the purposes of determining this Court's subject matter jurisdiction. *See id.*; 28 U.S.C. § 1332(c).

10. Plaintiff James Martin is, and was at the time the Complaint was filed and the case removed to this Court, an individual residing in Georgia with his principal residence located at 4453 Muhammad Drive, Atlanta, GA 30349.[1] Accordingly, Plaintiff is a citizen of Georgia for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

### B. The Amount-In-Controversy Requirement is Satisfied.

11. Prior to filing this lawsuit, Plaintiff made a demand "for $2,000,000 to settle this concern." A copy of the settlement demand is attached as Exhibit C. Pursuant to Plaintiff's settlement demand, the amount in controversy in this lawsuit exceeds $75,000.

## III. The Procedural Requirements for Removal Have Been Established.

12. United was served with the Complaint on January 11, 2021. A copy of the Proof of Service is attached as Exhibit D.

13. At the time this Notice of Removal is being filed, Prospect has not yet been served with the Complaint.

---

[1] Plaintiff James Martin declared a homestead exemption on his residence, which records are publicly available through the Fulton County Board of Assessor. *See* https://iaspublicaccess.fultoncountyga.gov/datalets/datalet.aspx?mode=profileall&sIndex=1&idx=2&LMparent=20.

14. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is being filed within 30 days of Defendants' receipt of the Summons and Complaint.

15. This Court, therefore, has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. A Notice of Filing the Notice of Removal is being filed with the Clerk of the Superior Court of Clayton County, State of Georgia. Copies of the Notice of Filing of the Notice of Removal, together with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(b).

WHEREFORE, Defendants respectfully remove this action from the Superior Court of Clayton County, State of Georgia, to the United States District Court for the Northern District of Georgia based on the fact that original subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332.

Respectfully submitted, this 28th day of January, 2021.

|  |  |
|---|---|
| | */s/Brenden P. Dougherty* |
| Akerman LLP | Brenden P. Dougherty |
| 999 Peachtree Street, NE | Georgia Bar No. 959508 |
| Suite 1700 | brenden.dougherty@akerman.com |
| Atlanta, Georgia   30309 | |
| (404) 733-9809 – Telephone | Elliot Strader |
| (404) 733-9909 – Facsimile | (pro hac vice application to be filed) |
| | elliot.strader@akerman.com |
| Akerman LLP | Michael Hess |
| 2001 Ross Avenue, Suite 3600 | (pro hac vice application to be filed) |
| Dallas, Texas 75201 | michael.hess@akerman.com |
| (214) 720-4300 – Telephone | |
| (214) 981 – 9339 | *Counsel for Prospect Airport Services, Inc. and United Airlines, Inc.* |

6

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing **Notice of Removal** complies with the font and point selections approved by the Court in Local Rule 5.1(C). The foregoing was prepared on computer using Times New Roman font (14 point).

Respectfully submitted, this 28th day of January, 2021.

| | |
|---|---|
| | */s/Brenden P. Dougherty* |
| Akerman LLP | Brenden P. Dougherty |
| 999 Peachtree Street, NE | Georgia Bar No. 959508 |
| Suite 1700 | brenden.dougherty@akerman.com |
| Atlanta, Georgia   30309 | |
| (404) 733-9809 – Telephone | Anthony W. Morris |
| (404) 733-9909 – Facsimile | Georgia Bar No. 523495 |
| | Anthony.morris@akerman.com |
| | |
| | *Counsel for Prospect Airport Services, Inc. and United Airlines, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Notice of Removal** with the Clerk of Court using the CM/ECF system and a true and correct copy of the foregoing was mailed via first class mail to the following attorneys of record:

Corey Martin
The Law Offices of Martin & Associates
8312 Office Park Drive
Suite E
Douglasville, GA 30154
*Counsel for Plaintiff*

Akerman LLP
2001 Ross Avenue
Suite 3600
Dallas, TX 75201
Elliot Strader
Elliott.strader@akerman.com
Michael Hess
Michael.hess@akerman.com

This 28th day of January 2021.

|  |  |
|---|---|
| Akerman LLP<br>999 Peachtree Street, NE<br>Suite 1700<br>Atlanta, Georgia   30309<br>(404) 733-9809 – Telephone<br>(404) 733-9909 – Facsimile | /s/Brenden P. Dougherty<br>Brenden P. Dougherty<br>Georgia Bar No. 959508<br>brenden.dougherty@akerman.com<br><br>*Counsel for Prospect Airport Services, Inc. and United Airlines, Inc.* |