# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

James Martin,

               Plaintiff,

                            Case No. 1:21-cv-449-MLB

v.

Prospect Airport Services, Inc. and
United Airlines, Inc.,

               Defendants.

_____/

## OPINION & ORDER

Plaintiff James Martin sued Defendant Prospect Airport Services, Inc. ("Prospect") and United Airlines, Inc. ("United") for negligence, negligent hiring, training, retention, and entrustment, breach of contract, punitive damages, and attorneys' fees. (Dkt. 9-1.) Defendants move for summary judgment. (Dkt. 28.) Plaintiff has not filed a response in opposition to the motion. The Court grants in part and denies in part Defendants' motion.

## I.   Preliminary Matter Regarding Unopposed Motion for Summary Judgment

A court has the power to grant an unopposed motion for summary judgment pursuant to its local rules provided that the non-movant is put on notice that failing to respond to the motion could result in the court granting the motion for summary judgment as unopposed.  *See Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam).   The Eleventh Circuit has ruled that granting summary judgment in such a manner is appropriate "so long as the party against whom judgment will be entered is given sufficient advance notice and has been afforded an adequate opportunity to demonstrate why summary judgment should not be granted." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999).

In this case, Plaintiff was given ample notice that, if he did not respond to Defendants' motion for summary judgment within the allotted time frame, the Court could deem Defendants' motion unopposed.  The Local Rules put Plaintiff on notice that failure to respond could result in Defendants' motion being considered unopposed.   LR 7.1(B), NDGa. Local Rule 7.1 dictates that failure to respond to a motion within the applicable time period "shall indicate that there is no opposition to the

motion." *Id.* Moreover, pursuant to Local Rule 56.1, the factual allegations within Defendants' Statement of Undisputed Material Facts submitted in conjunction with its motion (Dkt. 28-2) are deemed admitted because Plaintiff failed to controvert them.  LR 56.1(B)(2), NDGa.[1]  On November 30, 2021, the Clerk of Court sent a notice to Plaintiff informing him of the consequences of failing to file any opposition to the motion. (Dkt. 29.)  Nevertheless, Plaintiff failed to file any response to the motion, even after the Court extended his response deadline to May 9, 2022. Defendants' motion has thus been pending for over five months without any response from Plaintiff.

Despite the existence of the uncontested motion for summary judgment supported by facts that are now deemed uncontroverted, the Court will consider the merits of Defendants' motion.  *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[T]he district court cannot base the entry of

---

[1] Plaintiff "is not excused from following the court's rules of procedure simply because of his *pro se* status," and a district court does not abuse its discretion in applying Local Rule 56.1 to deem Defendants' facts admitted despite Plaintiff's pro se status. *Smith v. Mercer*, 572 F. App'x 676, 678 (11th Cir. 2014).

summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

## II.   Background

Before the events at issue in the lawsuit, Plaintiff was a paraplegic with no feeling in his legs.  (Dkt. 28-2 ¶ 1.)  Plaintiff alleges on May 6, 2019, while Defendant Prospect's employees helped him disembark an airplane, he suffered a fracture of his lateral malleolus.  (*Id.* ¶ 2.)  In response to an interrogatory, Plaintiff stated while one of Defendant Prospect's representatives helped him off the aircraft, the representative "hit a bump with the aisle chair, causing [Plaintiff's] foot to hit up against the bulkhead wall/ [j]ump seat area of the aircraft."  (*Id.* ¶ 3.)  Because of his paralysis, Plaintiff could not have known the extent of any injury from the impact, and he did not experience any pain.  (*Id.* ¶ 4.)

Three days later, Plaintiff went to the emergency room where he rated his pain "0/10" and reported he was "experiencing no pain."  (*Id.* ¶ 5.)  Plaintiff's physician examined and x-rayed Plaintiff's right foot and diagnosed an "age-indeterminate probably acute/subacute nondisplaced transverse fracture of the lateral malleolus without significant adjacent

soft tissue swelling." (*Id.* ¶ 6.)  Plaintiff's foot was splinted, and he was discharged.  (*Id.*)

When Plaintiff was asked to describe how the incident caused his injuries, Plaintiff responded that if the foot straps had been used, the incident would not have happened.  (*Id.* ¶ 7.)  He also stated because of his paralysis, he would not have known the extent of his injury at impact. (*Id.*)  And in response to an interrogatory asking him to identify the factual basis supporting the contention Defendant Prospect's employee negligently pushed the wheelchair down the loading bridge, Plaintiff stated, "[i]ts [his] statement the employee was negligent." (*Id.* ¶ 8.)

Plaintiff sued Defendants for negligence, negligent hiring, training, retention, and entrustment, breach of contract punitive damages, and attorneys' fees.  (Dkt. 9-1.)  Defendants moved for summary judgment (Dkt. 28) and Plaintiff has not responded.

## III.  Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is

genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is material if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The party moving for summary judgment bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A moving party meets this burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The movant, however, need not negate the other party's claim. *Id.* at 323. In determining whether the moving party has met this burden, the court must view the evidence and all reasonable factual inferences in the light most favorable to the party opposing the motion. *Johnson v. Clifton*, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the movant has adequately supported its motion, the nonmoving party then has the burden of showing that summary

judgment is improper by coming forward with specific facts showing a genuine dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, there is no genuine dispute for trial when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. *Id.* But "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. The court, however, resolves all reasonable doubts about the facts in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

## IV.   Discussion

### A.   Negligence

A negligence claims contains four essential elements: "a duty, a breach of that duty, causation, and damages." *Collins v. Athens Orthopedic Clinic, P.A.*, 837 S.E.2d 310, 312 (Ga. 2019). Defendants argue Plaintiff cannot establish causation and failed to disclose expert testimony. (Dkt. 28-1 at 4–11.) To establish causation, a plaintiff must introduce evidence that reasonably supports the conclusion that it is

more likely than not that the defendant's conduct caused the result. *See Shadburn v. Whitlow*, 533 S.E.2d 765, 767 (Ga. Ct. App. 2000). "A mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment to the defendant." *Canaan Land Props., Inc. v. Herrington*, 766 S.E.2d 493, 495 (Ga. Ct. App. 2014). And "the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." *Hardnett v. Silvey*, 646 S.E.2d 514, 516 (Ga. Ct. App. 2007) (citation omitted).

Defendants contend because Plaintiff did not feel any pain or notice any injury when the incident occurred, the only evidence of injury is Plaintiff's medical records from three days after the incident which diagnose Plaintiff with an "age-indeterminate probably acute/subacute" fracture. (Dkt. 28-1 at 6.) Defendants argue summary judgment is appropriate because Plaintiff's medical providers could not determine whether Plaintiff's fracture was acute (occurred within hours before his examination) or subacute (occurred weeks before the examination). (*Id.* at 7.) Defendants also argue Plaintiff cannot establish causation "for the additional reason that he has not disclosed expert testimony." (*Id.* at 8.)

But "[a] lay jury can conclude from common knowledge that a causal connection exists between an accident and an injury where there is a short lapse between the accident on one hand and the onset of the plaintiff's symptoms and receipt of medical treatment on the other hand." *Mora v. White Aluminum Fabrication, Inc.*, No. 1:20-cv-00880, 2022 WL 836298, at *3 (N.D. Ga. Mar. 21, 2022); *see also Hutchseon v. Daniels*, 481 S.E.2d 567, 569 (Ga. Ct. App. 1997) (affirming denial of a motion for directed verdict where the jury's finding of causation was based on the plaintiff's testimony that he began experiencing symptoms "a few days" after the accident).  And for simple negligence cases, the general rule is that a plaintiff "need not produce expert evidence on causation."  *Cowart v. Widener*, 697 S.E.2d 779, 784 (Ga. 2010); *see Cooper v. Marten Transp., Ltd.*, 539 F. App'x 963, 968 (11th Cir. 2013) (collecting cases on the proposition that a jury may "infer a causal connection between an accident and a plaintiff's injuries based on the sequence of events").  There are important exceptions; "even in simple negligence cases, plaintiffs must come forward with expert evidence to survive a defense motion for summary judgment, where 'medical questions' relating to causation are involved."  *Cowart*, 697 S.E.2d at 784.  In *Cowart*, the

Georgia Supreme Court clarified that "most 'medical questions' relating to causation are perfectly capable of resolution by ordinary people using their common knowledge and experience, without the need for expert testimony." *Id.*   For example, "where the symptoms complained of emerge immediately or soon after the event alleged to have caused them, and it is common knowledge that such an event is one that could cause that kind of injury, a reasonable jury could draw conclusions about proximate cause." *Bruce v. Classic Carrier, Inc.*, No. 1:11-cv-01472, 2014 WL 1230231, at *7 (N.D. Ga. Mar. 24, 2014); *see also Baulding v. United States*, No. 4:13-cv-129, 2014 WL 12497023, at *6 (N.D. Ga. Sept. 5, 2014) ("[A] lay jury could determine without expert testimony that tripping and falling can cause a knee injury."); *Cowart*, 697 S.E.2d at 785 (providing these examples of situations in which lay people could determinate causation without expert testimony: "[t]hat a stab wound penetrating entirely through the heart causes death," "[w]hether a blow to the head could cause death," and "whether an automobile collision caused a backache later the same day").   Expert evidence is only necessary "where the issue of causation presents 'specialized medical questions,' i.e., where 'the link between a defendant's actions and the plaintiff's injury is beyond

common knowledge and experience' and presents medical questions that 'can be answered accurately only by witnesses with specialized expert knowledge.'" *Cooper*, 539 F. App'x at 967–68 (quoting *Cowart*, 697 S.E.2d at 785–86).   For example, "[a] causal connection, requiring medical testimony, must be established where the potential continuance of a disease is at issue." *Jordan v. Smoot*, 380 S.E.2d 714, 715 (Ga. Ct. App. 1989) (quotations omitted).

Plaintiff alleges injuries to his right ankle from the impact of his right foot hitting the bulkhead wall.   Plaintiff has not supplied expert testimony to establish the cause of his injuries.   He instead appears to rely on the temporal sequence of events.   Which is appropriate.   As "a lay jury could conclude a causal connection exists between [Plaintiff's] accident and his injuries based on evidence that temporally ties the accident to [Plaintiff's] onset of symptoms and his receipt of medical treatment." *Mora*, 2022 WL 836298, at *4.   Defendants are thus not entitled to summary judgment on Plaintiff's negligence claim.

## B.    Breach of Contract

"The elements of breach of contract are a valid contract, the breach, and the resultant damages to the party who has a right to complain that

the contract was broken."  *Webster v. CarMax*, No. 13-CV-00999, 2014 WL 2003021, at *4 (N.D. Ga. May 14, 2014) (citing *Budget Rent-A-Car of Atlanta v. Webb*, 469 S.E.2d 712, 713 (Ga. Ct. App. 1996)); *see also Smedley v. Deutsche Bank Trust Co. Americas*, No. 1:14-cv-00283, 2014 WL 12179485, at *6 (N.D. Ga. Dec. 31, 2014) ("The essential elements of a breach of contract claim are (1) a valid contract; (2) material breach of its terms; and (3) damages arising therefrom.").  Plaintiff brings a breach of contract claim alleging he paid Defendant United in consideration for a ticket for a flight. (Dkt. 9-1 ¶¶ 28–29.)  Plaintiff claims because of this transaction, Defendant United owed him a duty of care to provide reasonably safe wheelchair transportation services. (*Id.* ¶ 30.)  Plaintiff alleges *both* Defendants breached their legal, contractual, and assumed duty by failing to provide the services under the contract. (*Id.* ¶ 31.) Defendants contend Plaintiff's claim fails because (1) he cannot prove causation and (2) he cannot establish a contractual relationship with Defendant Prospect. (Dkt. 28-1 at 5–13.)

"[A] plaintiff may only recover damages for breach of contract by demonstrating: (1) plaintiff's performance of the contract, (2) defendant's breach of the contract, and (3) the breach *caused* the plaintiff harm."

*Lopez v. Bank of Am., N.A.*, No. 1:12-CV-03590, 2013 WL 3878952, at \*4 (N.D. Ga. July 26, 2013) (emphasis added).  Defendants argue Plaintiff cannot establish causation for the same reasons he cannot establish causation as to his negligence claim.  But, as discussed above, the Court finds Defendants' lack of causation argument unpersuasive.

Defendants also argue Defendant Prospect is entitled to summary judgment because there is no contract between Plaintiff and Defendant Prospect.  The Court agrees.  One element of a breach of contract claim is a valid contract.  Plaintiff's breach of contract claim is based on Defendant United issuing a ticket to Plaintiff. (Dkt. 9-1 ¶¶ 28–29.) There is no allegation or evidence of a valid contract between Plaintiff and Defendant Prospect.  Defendant Prospect is thus entitled to summary judgment on Plaintiff's breach of contract claim. *See Webster*, 2014 WL 2003021, at \*4 (dismissing Plaintiff's breach of contract claim because no valid contract existed).

## C.     Negligent Hiring, Training, and Retention[2]

In Georgia, an employer has a duty "to exercise ordinary care not to hire or retain an employee the employer knew or should have known posed a risk of harm to others where it is reasonably foreseeable from the employee's 'tendencies' or propensities that the employee could cause the type of harm sustained by the plaintiff." *Munroe v. Universal Health Servs., Inc.*, 596 S.E.2d 604, 606 (Ga. 2004).  Plaintiff claims Defendant United had actual and constructive knowledge that Defendant Prospect was incompetent to provide wheelchair services, but still allowed Defendant Prospect access to passengers.  (Dkt. 9-1 ¶ 24.)  He alleges his injuries resulted from Defendant Prospect's employee's negligent use of the wheelchair, which, because of negligent hiring, training, and

---

[2] Defendants only discuss negligent hiring, training, and retention.  (Dkt. 28-1 at 11–13.)    While Plaintiff titled this count "negligent hiring, training, and retention," he also alleged Defendant United negligently entrusted Defendant Prospect.  (Dkt. 9-1 ¶ 26.)  Under the doctrine of negligent entrustment, a party is liable if he or she entrusts someone with an instrumentality, with actual knowledge that the person to whom he or she has entrusted the instrumentality is incompetent or habitually reckless.  *Crumbley v. King*, No. 1:19-cv-1666, 2022 WL 1623804, at *11 (N.D. Ga. May 23, 2022).  Because Defendants do not address Plaintiff's claim for negligent entrustment, the Court denies Defendants' motion as to that claim.  To the extent the Court misunderstands Plaintiff's claim or Defendants' argument, Defendants may file a new motion for summary judgment on this claim within fourteen (14) days of this order.

retention, Defendant United knew was likely to happen.  (*Id.* ¶ 25.)
Defendants contend Plaintiff's claim fails because there is no evidence of
Defendants' employees' hiring, training, or retention.  (Dkt. 28-1 at 11–
13.)  The Court agrees.

"Under Georgia law, liability for negligent hiring or retention
requires evidence that the employer knew or should have known of the
employee's propensity to engage in the type of conduct that caused the
plaintiff's injury." *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241,
1247 (11th Cir. 2001) (citing *Alpharetta First United Methodist Church
v. Stewart*, 472 S.E.2d 532, 536–37 (Ga. Ct. App. 1996)).  "To establish a
negligent training claim, a plaintiff must demonstrate that inadequate
training caused a reasonably foreseeable injury." *Advanced Disposal
Servs. Atlanta v. Marczak*, 857 S.E.2d 494, 497 (Ga. Ct. App. 2021).
Plaintiff's only evidence on this claim is his response to an interrogatory:
"Its my statement the employee was negligent." (Dkt. 28-1 at 39.)  This
is insufficient to demonstrate Defendants negligently hired, retained, or
trained *any* employee.   Defendants are thus entitled to summary
judgment on the negligent hiring, training, and retention claims.

### D.   Punitive Damages

Plaintiff asserts claims for punitive damages and attorneys' fees.[3] (Dkt. 9-1 ¶¶ 34–36.)   O.C.G.A. § 51-12-5.1(b) provides that "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."   "Negligence, even gross negligence, is inadequate to support a punitive damages award." *Colonial Pipeline Co. v. Brown*, 365 S.E.2d 827, 830 (Ga. 1988).   Defendants argue Plaintiff has presented no evidence demonstrating willful misconduct, malice, fraud, wantonness, or oppression on Defendants' part.   (Dkt. 28-1 at 14.)   The Court agrees Plaintiff has presented no such evidence.   Defendants are thus entitled to summary judgment on punitive damages.

---

[3] Defendants only discuss punitive damages. (Dkt. 28-1 at 13–14.) While Plaintiff titled this count "punitive damages," he also asserts a claim for attorneys' fees.  (Dkt. 9-1 ¶ 36.)   Because Defendants do not address Plaintiff's claim for attorneys' fees, the Court denies Defendants' motion as to that claim.

## V.    Conclusion

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment (Dkt. 28).  Defendants are entitled to summary judgment on negligent hiring, training, and retention and punitive damages.  Defendants are not entitled to summary judgment on negligence, negligent entrustment, and attorneys' fees.  Defendant Prospect is entitled to summary judgment on breach of contract, but Defendant United is not.  To the extent the Court misunderstands Plaintiff's claim or Defendants' argument, Defendants may file a new motion for summary judgment on Plaintiff's claim for negligent entrustment within fourteen (14) days of this order.

The Court **DIRECTS** the Clerk to submit this matter after the expiration of the deadline.

**SO ORDERED** this 17th day of June, 2022.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

17