IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES MARTIN, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | CASE NO. 1:21-cv-449-MLB |
| ) | |
| PROSPECT AIRPORT ) | |
| SERVICES, INC., AND ) | |
| UNITED AIRLINES, INC. ) | |
| ) | |
| *Defendants.* ) | |

## DEFENDANTS' PROPOSED PRETRIAL ORDER[1]

1.

There are no motions or other matters pending for consideration by the court except as noted: None.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

---

[1] Pursuant to L.R. 16.4, it is "the responsibility of plaintiff's counsel to contact defense counsel to arrange a date for the conference" with respect to preparing a proposed consolidated pretrial order. Plaintiff, *pro se*, has not attempted to contact counsel for Defendants or otherwise provided a proposed Pretrial Order for Defendants' consideration. Accordingly, out of an abundance of caution and in order to avoid waiving any rights or defenses, Defendants Prospect Airport Services, Inc. and United Airlines, Inc. submit this Proposed Pretrial Order.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.) 28 U.S.C. § 1332.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:  James A. Martin, Sr., appearing *Pro Se*

Defendants:  Elliot Strader, Esq., Akerman, LLP

Other Parties: None.

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.  None.

7.

The captioned case shall be tried (__X__) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated: Not applicable.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the defendants request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B" are the general questions which defendants wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:  Not applicable.

State any objections to defendant's voir dire questions:  Not applicable.

State any objections to the voir dire questions of the other parties, if any: Not applicable.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b). None.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number. None.

15.

Attached hereto as Attachment "C" is the defendants' outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.

16.

Attached hereto as Attachment "D" are the defendants' proposed stipulations of fact. If so stipulated, no further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

17.

The legal issues to be tried are as follows: (1) the affirmative defenses asserted by Defendants; (2) negligence of the parties; (3) proximate cause; (4) the scope, extent, and proximate cause of Plaintiff's alleged injuries; and (5) the amount of general and special damages of the Plaintiff.

18.

Attached hereto as Attachment "E" for the defendants is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses

whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "F" for the defendants is the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition: None.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein. Not applicable.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on April 12, 2023, to discuss in good faith the possibility of settlement of this case. The court (____) has or ( X ) has not discussed settlement of this case with counsel. It appears at this time that there is:

(\_\_\_\_\_) A good possibility of settlement.

(\_\_\_\_\_) Some possibility of settlement.

(\_\_\_\_\_) Little possibility of settlement.

(\_X\_) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The defendants estimate that it will require \_\_1\_\_ day to present its evidence. It is estimated that the total trial time is \_\_2\_\_ days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (\_\_\_\_\_) submitted by stipulation of the parties or (\_X\_) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

| | |
|---|---|
| _____ | */s/ Elliot Strader*_____ |
| Counsel for Plaintiff | Counsel for Defendants |

Respectfully submitted,

*/s/ Brenden Dougherty*
Brenden Dougherty
Georgia Bar No. 959508
brenden.dougherty@akerman.com
**AKERMAN LLP**
999 Peachtree Street, NE, Suite 1700
Atlanta, Georgia 30309
Tel: 404-733-9816
Fax: 404-733-9916

Elliot Strader (*pro hac vice*)
Texas Bar No. 24063966
elliot.strader@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Tel: 214-720-4300
Fax: 214-981-9339

*Counsel for Defendants Prospect Airport Services, Inc. and United Airlines, Inc.*

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing document in accordance with the Federal Rules of Civil Procedure on July 21, 2023 on the Plaintiff, currently *Pro Se*, at the below address:

James Anthony Martin, Sr.
4453 Muhammad Drive
Atlanta, Georgia 30349

/s/ *Brenden Dougherty*
Brenden Dougherty

ATTACHMENT "A"

Questions which defendants request that the court propound to the jurors concerning their legal qualifications to serve:

1. Does anyone know James A. Martin, Sr.?

2. Does anyone know Elliot Strader or Brenden Dougherty?

3. Does anyone know any employees of, or has anyone or their immediate family worked for or been represented by Akerman, LLP?

4. Does anyone know or has anyone ever met a representative of Prospect Airport Services, Inc.?

5. Does anyone know or has anyone ever met a representative of United Airlines, Inc.?

6. Has anyone been employed by Prospect Airport Services, Inc. or United Airlines, Inc.?

7. Does anyone have relatives or close friends that have been employed by Prospect Airport Services, Inc. or United Airlines, Inc.?

8. Is there anyone who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

9. Does anyone provide care for a child, elderly person, or anyone with a physical or mental disability that would impair your ability to sit on the jury?

10. If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict.

11. Has anyone been disqualified from serving on a jury before?

12. Does anyone hold any belief, religious or otherwise, which discourages or prevents jury service?

13. Is there anyone here who is not a U.S. Citizen, who is not at least 18 years old, or who does not live in this division of the Northern District of Georgia, which includes Cherokee, Clayton, Cobb, DeKalb, Douglas, Fulton, Gwinnett, Henry, Newton, and Rockdale counties?

ATTACHMENT "B"

General questions which defendants wish to be propounded to the jurors on voir dire examination.

1. Do any of you know any other member of the jury panel?

2. Will the race or heritage of a party in this case affect your ability to be fair and impartial?

3. Will the disability status of a party in this case affect your ability to be fair and impartial?

4. Have you, or any members of your family or close friends, ever been involved in a lawsuit resulting from a personal injury?

5. Have you, or any members of your family or close friends, ever been in involved in any way in a civil lawsuit?

6. Have you, or any members of your family or close friends, ever been involved in any way in an accident alleged to have taken place at an airport?

7. Is there anything about the nature of this case that would make it difficult for any of you to serve as a fair and impartial juror?

8. Is there anyone who simply because they've been involved in an accident and/or lawsuit would sympathize with Mr. Martin more, and let that sympathy or bias affect their fair weighing and evaluation of the evidence?

ATTACHMENT "C"

On May 6, 2019, Plaintiff was traveling to Atlanta, Georgia from Newark, New Jersey via United Airlines Flight 3489 with wheelchair assistance. A Prospect employee was assisting the Plaintiff by pushing his wheelchair during the flight's disembarkation process. Plaintiff alleges the Prospect employee assisting Plaintiff did not properly strap the Plaintiff's feet in the footrest, resulting in injury Plaintiff discovered days later.

Defendants deny the allegations, including that Plaintiff suffered any injury while being assisted by Prospect. Defendants also have asserted the following affirmative defenses: (1) Plaintiff could have avoided the alleged damages by use of ordinary care; (2) Plaintiff's alleged injuries were caused by his own conduct and negligence; (3) Plaintiff's alleged injuries were caused by the conduct of a third party or parties over which Defendants have no control; and (4) Plaintiff failed to mitigate his damages.

**Illustrative Case Law Supporting Defenses:**

- *Nat'l Sur. Corp. v. Ga. Power Co.*, No. 2:17-CV-68-RWS, 2019 U.S. Dist. LEXIS 156566, at *13 (N.D. Ga. Sep. 12, 2019) ("To demonstrate causation, a plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result."),
- *Baulding v. United States*, No. 4:13-CV-129-HLM, 2014 U.S. Dist. LEXIS 199642, at *19 (N.D. Ga. Sep. 5, 2014) (A plaintiff "must prove that, but for [the defendant's] conduct, he would not have sustained the injury.").
- *Ireland v. Williams*, 351 Ga. App. 124, 129, 830 S.E.2d 538, 542-43 (2019) (plaintiff must introduce evidence which "affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result.").
- *Greasley v. United States*, 15-CV-642-A, 2021 WL 935731, at *37 (W.D.N.Y. Mar. 11, 2021) ("An 'acute' event usually means an event within 24 to 48 hours, as compared with a 'subacute' event within several weeks.").

14

- *In re S.E.*, 946 So. 2d. 620, 621 (Fla. Dist. Ct. App. 2007) ("The subacute injury was two to three weeks old and the acute injury was a few hours old.").
- *Pittman v. Mem'l Hosp. at Gulfport*, 300 So. 3d 1053, 1058 (Miss. Ct. App. 2020) ("subacute" nature of an injury means that it was "old" and existed for "two or more weeks").
- *Scott v. Sheldon*, 3:08 CV 1837, 2009 WL 2982866, at *16 (N.D. Ohio Sept. 11, 2009) (fractures on claimant's "leg were subacute, meaning they had occurred between seven and 21 days prior to his exam").
- *Madore v. Bangor Roof & Sheet Metal Co.*, 428 A.2d 1184, 1186 (Me. 1981) (affirming lack of causation determination where doctor could not confirm when the fracture occurred because the fracture was "subacute," meaning "that the fracture was at least two weeks old, and might be of long-standing duration…").
- *Jones v. Wal-Mart Assocs.*, No. 1:19-cv-03705-SDG, 2021 U.S. Dist. LEXIS 12685 at *10 (N.D. Ga. Jan. 25, 2021) (Expert testimony is required and "necessary where the issue of causation presents 'specialized medical questions,' *i.e.*, where the link between a defendant's actions and the plaintiff's injury is beyond common knowledge and experience and presents medical questions that can be answered accurately only by witnesses with specialized expert knowledge.").

ATTACHMENT "D"

Defendants' proposed stipulated facts:

1. Prior to May 6, 2019, Plaintiff was a paraplegic and had no feeling in his legs as a result of a gunshot wound that predates the events at issue in this lawsuit.

2. Plaintiff alleges that he suffered a fracture of his lateral malleolus (the bony protrusion on the outside of his ankle) on May 6, 2019 while Defendant Prospect's employees assisted him in disembarking an airplane.

3. As a result of his paralysis, Plaintiff would have been unable to know the extent of any injury he may have experienced from the alleged impact, and he did not experience any pain from the incident.

4. Plaintiff presented to the emergency room at WellStar Douglas Hospital three days after the incident, on May 9, 2019, where he rated his pain at "a severity of 0/10" and reported that he was "experiencing no pain."

5. Plaintiff's physician examined and x-rayed his right foot. As reported in Plaintiff's medical records from May 9, 2019, the x-ray revealed what Plaintiff's physician's diagnosed as an "AGE-INDETERMINATE PROBABLY ACUTE/SUBACUTE NONDISPLACED TRANSVERSE FRACTURE OF THE LATERAL MALLEOLUS without significant adjacent soft tissue swelling." Plaintiff's foot was splinted, and he was discharged home in stable condition. Plaintiff sought no further medical attention for his fracture.

ATTACHMENT "E"

Defendants' list of trial witnesses:

1. James A. Martin, Sr.
   4453 Muhammed Drive
   Atlanta, Georgia 30349
   Appearing *Pro Se*

2. Dedrick Stowers
   c/o Elliot Strader
   AKERMAN LLP
   2001 Ross Avenue, Suite 3600
   Dallas, Texas 75201

ATTACHMENT "F"

Typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

(1) All medical related documents from WellStar Healthcare Systems;
(2) All medical related documents from WS Douglas Hospital;
(3) All medical related documents from Quantum Radiology PC.